## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROSS M. RAGSDALE, Inmate #B-82415, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 11-cv-859-JPG |
| | ) | |
| ROBERT E. SCHULTZ and DR. | ) | |
| STRIGEL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Ross M. Ragsdale, an inmate at Lawrence Correctional Center, brings this action

for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Since the case was

filed, Plaintiff has been released on parole.  This case is now before the Court for a preliminary

review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as
> soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks
> redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief
> > may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from
> > such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### The Complaint

The following facts are taken from Plaintiff's First Amended Complaint (Doc. 15).  From August 2009, through March 2010, Plaintiff took medications prescribed to him by Defendant Schultz for pain related to a back surgery.  In March 2010, Plaintiff called Defendant Schultz at Belleville Memorial Hospital to inquire about his pain medications.  During the phone call, Defendant Schultz's receptionist informed Plaintiff that he would no longer be treated by Defendant Schultz because he owed $12,426.42 on his account.  After some clarification, Plaintiff discovered that his account balance was actually $426.42.  Nonetheless, Defendant Schultz discharged Plaintiff.

Plaintiff requests compensatory and punitive damages resulting from the pain and

suffering he endured.

**Discussion**

Plaintiff alleges that Defendants Schultz and Strigel subjected him to cruel and unusual punishment through their deliberate indifference to his medical needs.  A word about Defendants is in order.  A plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor.  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003).  Although Plaintiff, in his First Amended Complaint, states his belief that Defendants Schultz and Strigel were "employed by the state," he also notes that both are employed by Belleville Memorial Hospital, which is not a state entity (Doc. 15, pp. 1-2).  These allegations do not indicate that these Defendants were acting under color of state law.  In fact, Plaintiff specifically notes that he did not file any grievances within the correctional system related to this incident, as there was "no need to involve an outside issue with [the] Dept. of Corrections" (Doc. 15, p. 4).  Plaintiff's complaint further reveals that his completely unprecedented basis for considering Defendants Schultz and Strigel state actors is their alleged "oath to serve the public health, safety, and welfare" (Doc. 15, p. 6).

Furthermore, it appears that Plaintiff was not in any form of state or federal custody from August 2009, through March 2010.[1]  Thus, the claim brought in Plaintiff's complaint involves a private transaction between purely private individuals.  The fact that Plaintiff's state Medicaid benefits paid for the bulk of his medical expenses does not cause the Defendants to become

---

[1] Plaintiff's records on the Illinois Dept. of Corrections website suggest that he was released from a 4-year sentence on June 8, 2009 (at the latest) and taken into custody for his current offense on October 5, 2010.  *Inmate Search*, Illinois Dept. of Corrections, http://www2.illinois.gov/IDOC/OFFENDER/Pages/InmateSearch.aspx (last visited July 30, 2012).

"state actors." *Turner v. Jackson Park Hosp.*, 264 F. App'x 527, 529-30 (7th Cir. 2008) (private individuals are not state actors by virtue of receiving federal funds for services).  Nor do Plaintiff's subsequent arrest and conviction transform his claim into a § 1983 action by virtue of his incarceration at the time he filed the instant complaint.  Therefore, Plaintiff's complaint fails to state a claim upon which relief may be granted and shall be dismissed.  The dismissal shall be without prejudice to Plaintiff bringing his claims in state court, subject to the jurisdictional requirements of that forum.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted and thus is **DISMISSED** without prejudice.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.  *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011).

The Clerk shall **CLOSE THIS CASE.**

**IT IS SO ORDERED.**

**DATED:   August 6, 2012**

                                                       *s/J. Phil Gilbert*
                                                **United States District Judge**